# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA ROY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3614 |
| | § | |
| INTERNATIONAL GUARDS, INC., | § | |
| H.M. WILLIAMSON, JR., CAROLYN N. | § | |
| WILLIAMSON, and MICHAEL K. | § | |
| CORNELL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Doc. No. 8). Defendants contend that this Court lacks subject matter jurisdiction over the case.

Plaintiff filed suit pursuant to § 905(a) of the Longshore and Harbor Worker's Compensation Act ("LHWCA"). 33 U.S.C. § 905(a) (2006). This section permits an injured employee to maintain an action against his or her employer if the employer fails to provide compensation benefits.[1] Thus, Plaintiff argues that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

The Fifth Circuit has previously recognized that there is federal question jurisdiction over claims against employers asserted under the LHWCA. *See Brown v. Forest Oil Co.*, 29 F.3d 966, 1181 (5th Cir. 1984) ("[I]f the cause of action . . . was a cause of action assertedly arising

---

[1] The statute provides in relevant part:
> . . . if an employer fails to secure payment of compensation as required by this chapter, *an injured employee*, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to *maintain an action at law or in admiralty for damages* on account of such injury or death.

33 U.S.C. § 905(a) (emphases added).

under the LHWCA, then federal question jurisdiction would be present."). Likewise, other district courts have held that when a plaintiff's claim arises under § 905(a), federal question jurisdiction exists under the federal question statute. *See, e.g.*, *Dupre v. Portier*, 2005 WL 3543820 at *1 (E.D. La. Oct. 17, 2005).

Defendants cite *Griffis v. Gulf Coast Pre-Stress Co., Inc.* for the counter proposition. 850 F.2d 1090 (5th Cir. 1988). However, in *Griffis*, the plaintiff was suing not his employer, but a third party. The Fifth Circuit held that "[s]ection 905(a) does not create any right of action against *third parties*." *Id.* at 1092 (emphasis added). In this case, however, Plaintiff is suing her employer, not a third party. Thus, *Griffis* is inapposite.

This Court concludes that there is federal question jurisdiction over a claim asserted against a plaintiff's employer under § 905(a) of the LHWCA. Thus, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 15th day of June, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**