UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA ROY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3614 |
| | § | |
| INTERNATIONAL GUARDS, INC., | § | |
| H.M. WILLIAMSON, JR., CAROLYN N. | § | |
| WILLIAMSON, MICHAEL K. CORNELL, | § | |
| AND GREENSPORT/SHIP CHANNEL | § | |
| PARTNERS, L.P. a/k/a GREENS PORT | § | |
| INDUSTRIAL PARK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are two motions. The first is the Motion to Dismiss and Motion for Summary Judgment of Defendant Greensport/Ship Channel Partners, L.P. ("Greensport") (Doc. No. 50), requesting the dismissal of Plaintiff's claims against it for lack of subject matter jurisdiction, and alternatively, the entry of summary judgment as to all of Plaintiff's claims. The second is the Motion to Dismiss and Motion for Summary Judgment of Defendant International Guards, Inc. ("IGI") (Doc. No. 51), requesting dismissal of Greensport's crossclaim for failure to state a claim, and, alternatively, the entry of summary judgment. Having considered the Motions, all responses and replies thereto, and all applicable law, the Court finds that both Motions should be denied.

I. BACKGROUND

This action arises out of a personal injury claim brought under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA" or "Act"), 33 U.S.C. § 901 *et seq.* Defendant

Greensport hired Defendant International Guards, Inc. ("IGI") to provide security at the Greensport Industrial Park marine terminal in the Port of Houston. At all times relevant to this lawsuit, Plaintiff worked as a security officer at the terminal under the aegis of the agreement between Greensport and IGI. Plaintiff alleges that she was injured on November 20, 2005 while trying to push-start a stalled pickup truck. At the time, neither IGI nor Greensport carried a workers' compensation insurance covering Plaintiff; the parties dispute which of these companies, if either, had a responsibility to carry such a policy.

After Plaintiff's injury, IGI voluntarily continued to pay wages to Plaintiff and cover the cost of her medical expenses, but, apparently on the advice of counsel, eventually stopped doing so. Plaintiff therefore filed suit against IGI and some of its principals alleging negligence and the failure to provide benefits as required by the LHWCA, later joining Greensport to the action under both the borrowed employer doctrine and as the contractor of IGI. Greensport subsequently filed a crossclaim against IGI (Amended Answer and Cross-Claim, Doc. No. 47) alleging three claims: breach of contract, for failure to purchase and maintain workers' compensation insurance and to properly supervise and train its employees; contribution, for IGI's negligence; and contractual and common law indemnity from that portion of Plaintiff's damages resulting from negligence attributable to IGI.

## II.  SUBJECT MATTER JURISDICTION

Greensport moves for the dismissal of Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). Greensport's Motion, however, essentially restates the same arguments advanced in IGI's prior Motion to Dismiss

(Doc. No. 8), which the Court denied (Memorandum and Order, Doc. No. 17).[1] As stated in that prior Order, federal question jurisdiction exists over Plaintiff's § 905(a) claims against her direct employer. *See Brown v. Forest Oil Co.*, 29 F.3d 966, 1181 (5th Cir. 1984). This is so despite the holding of *Griffis v. Gulf Coast Pre-Stress Co., Inc.*, in which the plaintiff was suing a third party rather than his employer. 850 F.2d 1090 (5th Cir. 1988).[2] Plaintiff proceeds against Greensport not solely as a third party, but as a borrowed employer, thereby vesting the Court with subject matter jurisdiction over her claims just as the Court has jurisdiction over the claims of IGI. The cases relied on by Greensport are not to the contrary. *May v. Transworld Drilling Co.*, 786 F.2d 1261 (5th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986), and *Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113 (5th Cir. 1976), are distinguishable, as both address actions under § 905(b), not § 905(a). Greensport's Motion to Dismiss must therefore be denied.

## III.  SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIMS

Greensport also moves for the entry of summary judgment as to all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 56. A motion for summary judgment under Rule 56 requires the Court to determine whether the moving party is entitled to judgment as a matter

---

[1] Greensport attempts to distinguish IGI's prior motion from its own, arguing that "IGI's prior Motion . . . was focused on the narrow question of whether Plaintiff's claims . . . created federal question jurisdiction," while Greensport's Motion asserts the "broader" argument that "those claims do not give rise to federal subject matter jurisdiction, Plaintiff is not entitled to assert those claims, and . . . those claims cannot be substantiated. . . ." (Greensport's Motion, Doc. No. 50, at 2 n.3.) To the extent that Greensport's arguments are indeed different from those of IGI, the differences depend on factual predicates that, for the reasons offered in Part III, *infra*, have not been proven for purposes of summary judgment.

[2] Nor is *Grantham v. Avondale Indus., Inc.*, 964 F.2d 471 (5th Cir. 1992), to the contrary. It is true that *Grantham* states, "We have in fact explained that § 905(a) of the LHWCA does not give rise to federal question jurisdiction." *Id.* at 474. A full reading of that case shows, however, that this statement was not central to the Fifth Circuit's analysis of whether federal or state immunity rules apply when an employee has elected to receive benefits under the LHWCA. Instead, the statement was offered only to clarify that the *Grantham* court did not want to be interpreted as saying, implicitly or explicitly, that federal question jurisdiction existed in that case by virtue of the fact that it was applying federal conflict of law principles. The quoted statement by the Fifth Circuit, while undoubtedly a considered one, cannot fairly be read as necessary to the holding of *Grantham*, and therefore constitutes nonbinding dicta.

of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

The LHWCA provides compensation for the death or disability of any person engaged in "maritime employment," § 902(3), if the disability or death results from an injury incurred upon the navigable waters of the United States or any adjoining pier or other area customarily used by an employer in loading, unloading, repairing, or building a vessel, § 903(a). *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 416 (1985). Thus, a worker making a claim under the Act must satisfy both a "situs" and a "status" test. *Id.* Greensport's Motion challenges Plaintiff's LHWCA claims on the grounds that Plaintiff has failed to demonstrate that she meets either test; the Motion additionally argues that Plaintiff is excluded from coverage under § 902(3)(A) of the Act, which excludes security personnel from coverage.[3]

---

[3] Section 902(3) reads, in pertinent part:

> (3) The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker, but such term does not include—
> (A) individuals employed exclusively to perform office clerical, secretarial, security, or data processing work[.]

33 U.S.C. § 902(3).

After reviewing the briefs and the summary judgment record, and after hearing oral argument at a hearing on May 1, 2008, the Court finds that numerous genuine issues of material fact preclude the entry of summary judgment. The determination of Plaintiff's status as a maritime employee, and whether she falls into or outside of the LHWCA's exclusion of security guards from coverage, depend on the resolution of contested factual allegations regarding her job responsibilities. All parties agree that security guards working in Plaintiff's position were generally assigned maritime duties in the course of their employment, but the parties disagree as to whether Plaintiff, specifically, performed those duties and whether she did so often enough to qualify for coverage. They also offer differing interpretations of the circumstances surrounding her activities at and around the time of injury and the relationship of those activities to traditional maritime work. Resolving these disputes involves determinations of witness credibility that are more appropriate for trial than for summary judgment. Greensport's Motion for Summary Judgment must therefore be denied.

## IV.  SUMMARY JUDGMENT AS TO GREENSPORT'S CROSSCLAIMS

Finally, IGI moves for the entry of summary judgment as to Greensport's crossclaims for breach of contract, contribution, and indemnity. The Court again finds that numerous genuine issues of material fact preclude the requested relief. Those include Defendants' disagreements as to: whether the contract required the procurement of workers' compensation insurance; whether IGI or Greensport controlled Plaintiff for purposes of the liability under the LHWCA and the borrowed-employer doctrine; and which defendant's negligence, if either, was responsible for Plaintiff's injuries. The resolution of each of these disagreements requires fact-intensive

inquiries and credibility determinations that are more appropriate for trial than for summary judgment.

## V.  CONCLUSION

For these reasons, both Greensport's Motion to Dismiss and Motion for Summary Judgment (Doc. No. 50), and IGI's Motion to Dismiss and Motion for Summary Judgment (Doc. No. 51), are **DENIED**. If, as the factual record is developed at trial, it appears that there is no genuine issue of material fact, or that Plaintiff, contrary to her pleadings, does not satisfy the eligibility requirements for coverage under the LHWCA, the Court will enter judgment as a matter of law.

**IT IS SO ORDERED.**

SIGNED this 5th day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.